THOMAS McLAUGHLIN, APPELLANT, v. CHARLES DAMBOLDT, RESPONDENT.

Argued March 10, 1924—Decided May 19, 1924.

1. On an appeal to the Court of Errors and Appeals from a judgment reversed by the Supreme Court, it is open to the respondent to sustain the reversal upon any ground urged in the Supreme Court, other than that assigned by that court as error.

2. Cases of collision on highways almost invariably involve questions of concurrent negligence on the part of both actors, and present questions of fact for a jury. This is so in the case under review.

3. The trial court is not bound to charge the jury in the identical language of a request.

4. The trial court is not bound to charge what the law would be or what inferences would be legitimate to draw if certain isolated facts constituted the entire case.

5. The charge of the trial court is to be looked at and construed as a whole, and the legal rule, which was declared, thus extracted. This rule applied to a paragraph of a charge criticised, viz.: "If you find from the evidence that the proximate cause of the plaintiff's injury was his own negligence and that the defendant was not negligent, then, of course, you must find a verdict for the defendant."

On appeal from the Supreme Court.

For the appellant, *Alexander Simpson.*

For the respondent, *Samuel D. Williams.*

The opinion of the court was delivered by

BLACK, J. A judgment on the verdict of a jury was entered in favor of the plaintiff. On an appeal to the Supreme Court by the defendant the judgment was reversed. The sole ground of reversal was an alleged error in the charge of the trial court. The cause of action grew out of a collision on September 14th, 1921, between a motorcycle ridden by Thomas McLaughlin, the plaintiff, a motorcycle policeman, and an automobile owned and driven by the defendant, Charles Damboldt. The collision occurred when the plaintiff was about to cross into Highwood avenue, from Highwood terrace at the Hudson boulevard, Weehawken. On an appeal to this court, the defendant is not confined to the alleged error found by the Supreme Court. It is open to him to sustain the reversal upon any ground urged in the Supreme Court, other than that assigned by that court as error. *Mc-Carty* v. *Hoboken,* 93 *N. J. L.* 247; *Kleinert* v. *Hutchinson,* 98 *Id.* 831. To that end the respondent in this court now contends that the record shows there was no jury ques-

tion involved, hence, it was error for the trial court not to have nonsuited the plaintiff or direct a verdict in favor of the defendant. It would serve no useful purpose to recite the facts, from which we think there was a jury question involved. The plaintiff testified that the defendant ran into his motorcycle, while the defendant testified that the plaintiff ran into his automobile. This was a vital question of fact in the case for the determination of the jury. It was not error, therefore, for the trial court to deny these motions. Cases of collisions on highways, almost invariably, involve questions of concurrent negligence on the part of both actors, presenting in a peculiar sense questions for a jury. *Fox* v. *Great Atlantic, &c., Tea Co.*, 84 *Id.* 728. So, we find no error in the court's refusal to charge the defendant's seventh request, that if the proximate cause of the plaintiff's injury was his own negligence, he cannot recover. This was covered by the trial judge in the charge. The court is not bound to instruct the jury in the identical language of a request or to adopt the form or words or the collocation of phrases, in which the request to charge is framed. *Gardner* v. *State*, 55 *Id.* 25; *Consolidated Traction Co.* v. *Haight*, 59 *Id.* 577. So, a refusal by the trial court to charge the defendant's eighth request, in reference to the plaintiff's driving on the left side of the street and proceeding at an excessive speed, at the time of the accident, was not error. In so far as the facts in this request were applicable, it was fully covered by the charge of the court. But, even so, the trial court was not bound to charge what the law would be, or what inference would be legitimate to draw, if certain isolated facts constituted the entire case. *Consolidated Traction Co.* v. *Behr*, 59 *Id.* 480.

The portion of the charge in which the Supreme Court found error is as follows:

"If you find that the accident was due to the negligence of this defendant, and that such negligence was the proximate cause of the plaintiff's injury, then the plaintiff can recover in this suit, unless you find that the plaintiff was guilty of what the law terms contributory negligence—that is, negli-

gence on his part that contributed to this accident." * * *

"If you find from the evidence that the proximate cause of the plaintiff's injury was his own negligence, and that the defendant was not negligent, then, of course, you must find a verdict for the defendant." * * *

"If you find the defendant was not negligent, but that the plaintiff collided with the defendant's automobile while it was standing there, and without any negligence on the part of the defendant, then, of course, the plaintiff cannot recover. However, if you find from all this evidence that the proximate cause of the collision, which resulted in this accident to the plaintiff, was the negligence of this defendant, and that the plaintiff was not guilty of contributory negligence, then the plaintiff is entitled to a verdict at your hands." * * *

"If, however, you find that the accident was not caused by the negligence of this defendant, or if you find that the accident, while due to the negligence of the defendant, was partly caused by the contributory negligence of the plaintiff, then the plaintiff cannot recover even if he has suffered great physical pain as a result of this accident, and has also lost his leg." * * *

The criticism is aimed at the second paragraph of the quoted portion of the charge. It is to the effect that that paragraph of the charge, when severed from the context, instructed the jury that it could not find the plaintiff guilty of contributory negligence, unless the defendant was free from negligence, and that was not the law. It was, therefore, in the opinion of the Supreme Court, reversible error. The paragraph criticised, when considered in reference to the context, is an accurate statement of the law. But if the paragraph of the charge criticised, considered apart from its context, is susceptible to such meaning, it is then difficult for us to see how it harmed the defendant. The utmost that can be said is, that such paragraph is not a complete statement of the law. It certainly is not a contradictory statement from the other portions of the charge. It is urged, even, though, the correct rule was fully stated, when the

charge in its entirety is considered, it did not cure the alleged vice, and the rule should be applied. A jury is not required to determine what part of a contradictory charge is correct. *State* v. *Sandt,* 95 *N. J. L.* 49. This rule is clearly inapplicable to the charge under discussion. It falls within that other well-recognized rule, that the whole charge must be looked at. *Sullivan* v. *North Hudson Railroad Co.,* 51 *Id.* 542: *Veader* v. *Veader,* 89 *Id.* 728; *Brown* v. *Spence,* 79 *Id.* 452; *Kargman* v. *Carlo,* 85 *Id.* 633; *Shoeffler* v. *Phillipsburg Horse Car Railroad Co.,* 90 *Id.* 235. And when so regarded, if it was right, there is no error. The instruction is to be construed as a whole, and the legal rule, which was declared, thus extracted. *State* v. *Sage,* 99 *Id.* 229; *State* v. *Banusik,* 84 *Id.* 640.

The judgment of the Supreme Court is reversed and the judgment of the Hudson County Circuit Court is affirmed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, BLACK, LLOYD, WHITE, GARDNER, VAN BUSKIRK, CLARK, McGLENNON, JJ.    12.